NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOSE OSORIO-JIMENEZ, | : | |
| | : | Civil Action No. 20-7009 (SRC) |
| v. | : | |
| | : | OPINION & ORDER |
| UNITED STATES OF AMERICA. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on Defendant's motion to limit Plaintiff's damages to the amount specified in Plaintiff's administrative claim submitted to the United States Postal Service (the "Postal Service"). ECF No. 66. The Court has reviewed the papers and heard oral argument on November 28, 2023. For the reasons that follow, Defendant's motion will be granted.

**I.  Background**

On July 20, 2018, Plaintiff filed a Standard Form 95 Claim for Damage, Injury, or Death ("SF-95") with the Postal Service. Declaration of Kimberly A. Herbst ("Herbst Decl.") at ¶ 3, Ex. A. Plaintiff's SF-95 claimed damages in "excess of $1,000,000" for personal injury and $26,245.65 for property damage. Id., Ex. A at 3. Specifically, Plaintiff claimed injuries to his "head, upper, lower, mid back, buttock, knee, ankles, shoulders, [and] jaw." Id. Plaintiff did not provide a total damages calculation on his SF-95. Id. Thereafter, on June 9, 2020, Plaintiff initiated the instant action in federal court. On June 22, 2020, the Postal Service denied Plaintiff's administrative tort claim. Id. at ¶ 8, Ex. F.

Defendant submits that "Plaintiff cannot seek damages in district court that exceed the amount specified in the administrative claim he submitted to the Postal Service, 'except where the

1

increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.'" Def. Br. at 1 (quoting 28 U.S.C. § 2675(b)). Defendant argues that Plaintiff cannot qualify for an exception to the Section 2675(b) limitation because his "cervical and lumbar injuries" were "well-known to him before he filed suit—in fact he provided documentation of them to the Postal Service on January 14, 2020." Def Br. at 15. Defendant further contends that, although Plaintiff did not undergo spinal fusion surgery until June 17, 2020—*after* initiating this action in federal court—the surgery, and its unsuccessful result, were reasonably foreseeable based on Plaintiff's discussions with doctors, "the nature and duration of his claimed symptoms," and his "history of unsuccessfully responding to treatment options." Id. at 16.

Plaintiff counters that he qualifies for a Section 2675(b) exception because his increased damages claim is due to his inability to work since the failed spinal fusion surgery, which was previously unforeseeable given Plaintiff's medical history and records, as well as the fact that Plaintiff had returned to work after the June 16, 2018 accident. See Pl. Br. at 6-8. Plaintiff advances that, prior to the surgery, "it would have been premature for him to have initiated a lost wage claim without allowing for some time to pass in order to determine if he could, or would," return to work. Id. at 7.

## II. Discussion

Plaintiff's negligence claim against the Postal Service is, in fact, a claim against the United States, and as such is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. The FTCA "operates as a limited waiver" of the sovereign immunity of the United States. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Under the FTCA, the United States may be liable for the tortious conduct of federal government employees occurring

2

within the scope of their employment. See 28 U.S.C. § 1346(b) (providing that, under the same circumstances applicable to private parties, the United States shall be similarly liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.").

The FTCA imposes a strict jurisdictional requirement that an administrative claim be properly filed and exhausted prior to initiating a civil action. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). To present a proper administrative claim, a plaintiff must file a written notice of his or her claim with the appropriate agency and make a demand for a sum certain. 28 U.S.C. § 2675(a)-(b); 39 C.F.R. § 912.5(a) (setting forth administrative claim requirements applicable to the Postal Service). The FTCA's "sum certain" requirement is jurisdictional and cannot be waived. White-Squire, 592 F.3d at 459. A lawsuit may be filed in federal district court within six months from the date on which the agency mails notice of its denial of the administrative claim. 28 U.S.C. § 2401; 28 U.S.C. § 2675(a). Alternatively, if the agency does not issue a final decision on the claim within six months of its filing, the claimant may treat this lack of disposition as a denial and proceed to file a civil action. 28 U.S.C. § 2675(a). Under the governing Postal Service regulation, an administrative claim may be amended at any time before the following, as applicable: the claimant exercises the option to file a civil action after expiration of the six-month period in which the agency must decide the claim; the Postal Service pays the claim in full; or the agency issues its final written denial of the claim. 39 C.F.R. § 912.5(b).

Of particular relevance here, the FTCA limits the damages a plaintiff may seek in a civil action brought pursuant to Section 2675. 28 U.S.C. § 2675(b). By the terms of the statute, damages

3

are capped at the amount set forth in the administrative claim presented to the agency, that is, the SF-95. Id. (providing that an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency"). The FTCA, however, provides an exception to this limit. It permits an increased claim to be made where it is "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon proof of intervening facts, relating to the amount of the claim." Id. The burden is on a plaintiff to show that the exception set forth in Section 2675(b) applies. Schwartz v. United States, 446 F.2d 1380, 1381 (3d Cir. 1971).

While the Third Circuit has not yet adopted a test to determine whether a plaintiff has demonstrated that there is "newly discovered evidence not reasonably discoverable," 28 U.S.C. § 2675(b), the majority of other circuits that have considered the issue have applied the reasonably discoverable/reasonably foreseeable test. See Park, 2020 WL 4282731, at *3. This test has also been applied numerous times by district courts within the Third Circuit. See id. The reasonably foreseeable test examines whether there is evidence that a plaintiff's injury, though known when they filed the administrative claim, "worsen[ed] in ways not reasonably discoverable by the claimant and his or her treating physician." Michels v. United States, 31 F.3d 686, 688 (8th Cir. 1994); see also Spivey v. United States, 912 F.2d 80, 84 (4th Cir. 1990). Therefore, this Court will likewise apply the reasonably discoverable/foreseeable test to determine whether Plaintiff may avail himself of the exception set forth in Section 2675(b).

After the June 16, 2018 accident, Plaintiff had roughly two years during which his administrative claim was pending to amend his SF-95 *ad damnum* amount. See 39 C.F.R. § 912.5(b). Plaintiff was aware of the injuries to his upper, lower, and mid back when he filed his SF-95. Herbst Decl., Ex. A at 3. Over the next two years, Plaintiff underwent numerous and

4

extensive treatments for his back issues, including hospital and doctor visits, chiropractic treatment, physical therapy, neurological consultation, cervical and lumber MRIs, an EMG and nerve conduction study, epidurals and other pain management injections, and a lumbar discogram. See Pl. Opp. Br., Ex. C; Herbst Decl., Ex. E at 3, 77, 95. Of importance is that prior to filing the instant action, Plaintiff had been diagnosed with a disc herniation of the L5-S1 lumbosacral joint, spinal stenosis of the L5-S1, and radiculopathy of the L5-S1. Pl. Opp. Br., Ex. C at 1, 3-4. Moreover, throughout the latter half of 2019, Plaintiff received pain management injections with increasing frequency, but his symptoms "would slowly and progressively return following 3 to 4 weeks." Id. at 3; Final Pretrial Order at 8. Despite these diagnoses, and the apparent deterioration of Plaintiff's condition, Plaintiff failed to amend the *ad damnum* amount.

Plaintiff argues that the severity of his injuries was not reasonably foreseeable because surgical treatment and its potential consequences were not a certainty. "The FTCA permits an increase to the administrative claim amount only if there is 'newly discovered evidence not reasonably discoverable at the time of presenting the claim.'" Salas v. U.S., No. CV 16-2485 (SRC), 2021 WL 82268 at *8 (D.N.J. Jan. 11, 2021) (quoting 28 U.S.C. § 2675(b)). "It does not permit an increase on the grounds that negative outcomes of a reasonably foreseeable treatment for a known injury do not materialize until some later time." Id. Here, post-surgery, Plaintiff's injuries have not changed; rather, they have worsened, but are of the same general nature Plaintiff outlined in his SF-95—namely, injuries to his "upper, lower, and mid back." See Herbst Decl., Ex. A at 3. Plaintiff was in possession of adequate facts at the time he filed the underlying complaint— his persistent and worsening pain and history of medical care to date—that it was reasonably foreseeable he might undergo spinal fusion surgery at some point in the future. See Salas, 2021 WL 82268 at *8; Woods v. Fata, No. CV202221MASRLS, 2022 WL 17418571 at *4 (D.N.J. Dec.

5

5, 2022). Indeed, Plaintiff's counsel even conceded at oral argument that Plaintiff knew **prior to initiating this matter** that he was to undergo spinal fusion surgery. Inherent in such a surgery was the possibility it would fail, leaving Plaintiff's injuries unchanged or intensified. Plaintiff's condition was declining prior to surgery and continued to decline post-surgery.

While at oral argument the Court initially evinced some sympathy for Plaintiff's position, after further consideration, and review of Judge Singh's opinion in Woods—a virtually identical case to this one—and this Court's prior opinion in Salas, the Court finds the reasoning of these two cases correct, and concludes that Plaintiff has not demonstrated that, pursuant to Section 2675(b), there is newly discovered evidence or intervening facts which justify an increase to the sum certain stated in the administrative claim.

### III. Conclusion

For the reasons discussed, Defendant's motion to limit any claim for damages in excess of the amount sought in Plaintiff's administrative tort claim is granted, and Plaintiff's damages claim will be limited to $1,026,245.65, the amount specified in his administrative tort claim.

\*\*\*

**IT IS THEREFORE**, on this 29th day of November, 2023,

**ORDERED**, that Defendant's motion to limit Plaintiff's damages claim to the amount specified in his administrative claim submitted to the United States Postal Service (ECF No. [66]) is **GRANTED**.

/s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge